NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

06-3065

KENT S. ROBINSON,

Petitioner,

v.

SMALL BUSINESS ADMINISTRATION,

Respondent.

_____

DECIDED:  May 4, 2006

_____

Before LOURIE, RADER, and PROST, Circuit Judges.

RADER, Circuit Judge.

The Merit Systems Protection Board (Board) affirmed the Small Business Administration's (SBA's) removal of Kent S. Robinson from the position of General Attorney in the SBA's Los Angeles, California, District Office, effective September 24, 2004.  Robinson v. Small Bus. Admin., No. SF-0752-05-0071-I-1 (M.S.P.B. Feb. 10, 2005) (Initial Decision), petition for review denied, id. (M.S.P.B. Sept. 20, 2005). Because the Board's decision contains no legal error and is supported by substantial evidence, this court affirms.

I.

After serving successfully for many years as a GS-13 general attorney in the SBA's Los Angeles office, the SBA notified Mr. Robinson of its intention to reassign him

to a GS-14 management position in the SBA's Fresno office. The SBA's reassignment notification also explained that if Mr. Robinson declined reassignment, the SBA would propose his removal from Federal Service. Mr. Robinson declined the reassignment. His removal was then proposed, and over Mr. Robinson's objection, sustained by the SBA's General Counsel. Mr. Robinson retired in lieu of involuntary action.

Mr. Robinson then appealed to the Board, challenging the SBA's reassignment decision. Mr. Robinson's argued that he had neither the desire nor the temperament to be a supervisory attorney. For this reason, he faulted the SBA's decision to reassign him to a management position. In rejecting this argument, the Board considered the SBA's rationale for the reassignment, including the SBA's assessment of Mr. Robinson's experience, his potential for leadership, the difficulties the SBA had eliciting a volunteer for the position, and the SBA's desire to select a candidate for the Fresno position from a district office that already had at least three staff attorneys. Initial Decision, slip op. at 3-4. Ultimately the Board affirmed the SBA's action.

II.

This court possesses limited authority to review a Board decision. The Board's decision must be affirmed unless it is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703 (c) (2000); see Briggs v. Merit Sys. Protection Bd., 331 F.3d 1307, 1311 (Fed. Cir. 2003).

Mr. Robinson attempts to cast his appeal as raising legal issues. To the contrary, this dispute involves primarily factual issues. The question comes down to

whether the SBA can show a legitimate management reason for reassignment. See Frey v. Dept. of Labor, 359 F.3d 1355, 1360 (Fed. Cir. 2004) ("[W]here a removal action is based on a refusal to accept a directed geographical reassignment, the agency must prove by a preponderance of the evidence that its reassignment decision was bona fide, and based upon legitimate management considerations in the interests of the service.") (internal quotes and citation omitted). Ultimately, Mr. Robinson asks this court to reweigh the evidence and accord his evidence more weight. Thus, Mr. Robinson argues: "there is no way for the [SBA's] beliefs to outweigh my knowledge of myself." Response Br. at 3. To the contrary, broader management considerations may often outweigh an employee's desire to maintain his position. The SBA in this case presented ample evidence of its assessment of Mr. Robinson and of its broader concern of maintaining sufficient legal staff in all of its district offices. The record therefore fully supports the Board's decision.

In addition to his challenge to the reassignment decision, Mr. Robinson also argues that: (1) there was no additional reason to propose his removal, and so the SBA should have allowed him to stay in his general attorney position; (2) the reassignment was a violation of a collective bargaining agreement; and (3) the Board erred in preventing discovery relevant to Mr. Robinson's request for class action status. None of those arguments persuade this court to disturb the Board's decision. Refusal to accept a reassignment is itself sufficient grounds for termination. See Frey, 359 F.3d at 1360 ("Our predecessor court consistently upheld the discretion of an agency to terminate an employee who refused a geographical reassignment.") (citation omitted). Mr. Robinson, having not filed a timely action based on a violation of the asserted collective bargaining

agreement, cannot raise a violation of that agreement. Finally, given the fact specific nature of Mr. Robinson's reassignment, his failure to specifically identify others similarly situated, and the highly unlikely proposition that if there were such a class it would be fairly represented by Mr. Robinson acting pro se, Mr. Robinson's class action argument fails.